IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Rashida Ali, Niquela Cole, Kevin Collins, Gary Norman, Lashawnda Renfroe, and Lisa Torry<br><br>Plaintiffs,<br><br>v.<br><br>Vehi-Ship, LLC<br><br>Defendant. | Case No.<br><br><br><br><br><br>Jury Trial Demanded |

# COMPLAINT

Rashida Ali, Niquela Cole, Kevin Collins, Gary Norman, Lashawnda Renfroe, and Lisa Torry ("Plaintiffs"), by and through their counsel, O'Connor | O'Connor, P.C., hereby bring this Complaint against Vehi-Ship, LLC. ("Defendant", or "Vehi-Ship"), and allege as follows:

## NATURE OF THE CASE

1. Plaintiffs bring this Action seeking redress for Defendant's violations of their rights under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.* ("IMWL"), and the Illinois Wage Payment and Collection Act 820 ILCS 115/1 *et seq.*.

2. Defendant employed Plaintiffs and intentionally misclassified Plaintiffs as independent contractors rather than employees in order to significantly

reduce costs and: (1) avoid paying Plaintiffs overtime pay and the applicable minimum wage; (2) to avoid providing Plaintiffs rightful employment benefits; (3) to avoid providing Plaintiffs social security and unemployment insurance benefits; (4) to avoid paying state and federal taxes; (5) to avoid providing Plaintiffs the benefit of EEO laws; (6) to deny Plaintiffs the right to organize under the National Labor Relations Act; and (7) to avoid the costs of providing Plaintiffs the benefit of all other work place law protections.

3. Further, Defendant illegally deducted costs incurred during the employment of Plaintiffs from their paychecks without prior express consent from them.

4. Upon information and belief, Defendant's business model consists of misclassifying its transporters/drivers as independent contractors. The employees are required to sign the "Independent Contractor Operating Agreement", and are paid per car when they provide transportation services to the customers of Defendant.

5. Accordingly, Plaintiffs bring this action seeking equitable and declaratory relief, as well as compensatory, liquidated and punitive damages, pre-judgment and post-judgment interest, unreimbursed business-related expenses and deductions, and all other incidental and monetary and nonmonetary remedies necessary to make Plaintiffs whole, as well as reasonable attorneys' fees and costs.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and

1337 and supplemental jurisdiction over Plaintiffs' Illinois state law claims pursuant to 28 U.S.C. §§ 1332 and 1367.

7. Venue is proper under 28 U.S.C. 1391(b) because the events giving rise to the claim alleged herein occurred within the Northern District of Illinois.

## PARTIES

8. Plaintiff Ali resides in Homewood, Illinois, and worked for Vehi-Ship as a transporter/driver approximately from June 2011 to March 2016.

9. Plaintiff Cole resides in Calumet City, Illinois, and worker for Vehi-ship as a transporter/driver from May 2013 to January 2016.

10. Plaintiff Collins resides in Chicago, Illinois, and was hired by Vehi-Ship as a transporter/driver in October 2015. Between April and August of 2016, he worked as a transporter supervisor on weekends while continuing to work as a transporter during weekdays. He stopped working for Defendant in January 2017.

11. Plaintiff Norman resides in Harvey, Illinois, and worked at Vehi-ship as a transporter/driver from August 2011 to March 2016.

12. Plaintiff Renfroe resides in Harvey, Illinois and worked for Vehi-Ship as a transporter/driver from approximately May 2013 through February 2016.

13. Plaintiff Torry resides in Chicago, Illinois, and worked for Vehi-Ship as a transporter from approximately May 2013 through November 2015. From August 2012, she worked as a transporter supervisor on weekends, and worked as a transporter during the weekdays.

14. Defendant Vehi-Ship is organized under the laws of the State of Texas. Its principal business is the movement and transportation of motor vehicles for clients.

15. Upon information and belief, Defendant does business across the country, including in the State of Illinois.

## FACTUAL ALLEGATIONS

16. Defendant provides transportation of motor vehicles from one location to the destination requested by its customers.

17. Plaintiffs are former drivers hired by Defendant to operate and drive the vehicles from their original location to the destination.

18. When hired by Defendant, Plaintiffs were required to sign "Independent Contractor Operating Agreement", which sets forth that they are "independent contractors with respect to the transportation operations conducted on behalf of the Company." The Agreement is attached and incorporated to this Complaint as Exhibit A.

19. Each vehicle Plaintiffs operated has a scanner that tracks the movement of the vehicle, which sometimes did not work properly and did not track the movement of the car.

20. Defendant paid Plaintiffs Cole, Norman, Renfroe, Torry nine dollars and fifty cents ($9.50) per car based on the tracking information on the scanner. Plaintiffs Ali and Collin were paid nine dollars ($9.00) per car.

21. Defendant did not compensate Plaintiffs for their work when the scanner malfunctioned and did not track the travels Plaintiffs had made.
22. Transporter supervisors were in charge of driving transporters/drivers from one location to another in a passenger van. Plaintiff Torry was paid additional one dollar and fifty cents ($1.50) per driver, and Plaintiff Collin was paid one dollar ($1.00) per driver.
23. Plaintiffs, on average, were required to make ten (10) runs per shift, which could take up to fourteen (14) hours.
24. All of Plaintiffs worked well over forty (40) hours per a workweek, and sometimes more than seventy (70) hours to complete the required run. In addition, Plaintiffs regularly worked seven days a week.
25. Plaintiffs were not allowed to choose how many hours they worked, or how many trips they made because Defendant required them to do at least 10 to 12 runs. If Plaintiffs wanted to make less trips than the required minimum, they were not allowed to work at all.
26. Defendant did not allow Plaintiffs to take any lunch or bathroom break while they made trips to the assigned destinations.
27. Defendant made Plaintiffs pay for any damages to the vehicle they operated, even minor scratches, and deducted the amount from their pay.
28. When Plaintiffs receive speeding tickets while working, the amount of the tickets were deducted from their paycheck.

29. Plaintiffs also had to pay for their own steel toe boots that they were required to wear while working.

30. Plaintiffs made less than the minimum wage that is set by the federal and Illinois laws because they regularly worked far more than forty hours per week, but were paid per car. Plaintiffs were never paid overtime pay for the hours they worked more than 40 hours per workweek.

31. Defendant did not require Plaintiffs to maintain accurate records of hours worked each workday or workweek.

32. Upon information and belief, Defendant did not maintain accurate time records detailing all the hours worked for Plaintiffs.

33. At all relevant times, Defendant misclassified Plaintiffs as independent contractors while they were employees in fact.

34. Defendant exercised significant control over Plaintiffs by:
    a. Controlling how many runs they have to make during a shift;
    b. Controlling when and how long they can take a break;
    c. Controlling which routes and cars they can take;
    d. Controlling when they can leave the worksite;
    e. Tracking Plaintiffs' movement and travel through the scanning device installed in the car;
    f. Requiring Plaintiffs to comply with all applicable policies and procedures adopted by Defendant; and

    g. Requiring Plaintiffs to sign an Independent Contractor Agreement that contains Confidentiality Agreement clause, which controls Plaintiffs' ability to use customer information and information related to Defendant during and after their time working for Defendant.

35. The services rendered by Plaintiffs as drivers are an integral part of Defendant's business of providing transportation to its customers as Defendant's own website states that "[O]ur drivers are the core of our business".

36. Plaintiffs are not in business of transportation for themselves, but rather worked on Defendant's behalf and performed the work assigned by Defendant.

37. Since Defendant determines how to allocate and assign jobs to Plaintiffs, their opportunity for profit and loss is determined by Defendant.

38. Plaintiffs' work for Defendant does not require a specialized skill other than being qualified to operate a motor vehicle.

39. All Plaintiffs had a prolonged work relationship with Defendant working more than three years for the Company on average.

**COUNT I**
**FAILURE TO PAY MINUMUM WAGES AND OVERTIME PAY**
**UNDER THE FLSA**

40. Plaintiffs re-allege the allegations set forth in each of the paragraphs above.

41. At all relevant time, Plaintiffs were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

42. Defendant misclassified Plaintiffs as independent contractors rather than employees.

43. Upon information and belief, Defendant's policy and practice to classify Plaintiffs as independent contractors was not approved in writing by the United States Department of Labor.

44. Under the FLSA, Plaintiffs are entitled to be paid minimum wages. In addition, Plaintiffs are entitled to be paid at the overtime rate by Defendant for each hour worked in excess of 40 hours each workweek. The overtime rate is computed by multiplying 1.5 times the worker's regular wage requirements for the hours worked for Defendant in excess of 40 hours in a workweek.

45. Defendant failed to compensate Plaintiffs the FLSA minimum wage requirements pursuant to the FLSA.

46. Defendant failed to compensate Plaintiffs the appropriate overtime pay pursuant to the FLSA.

47. Defendant failed to maintain accurate time records detailing hours worked for Plaintiffs.

48. Defendant's violations of the FLSA have and continue to be willful and intentional and, thus, the 3-year statute of limitations to Defendant's violations pursuant to 29 U.S.C. § 255 applies.

WHEREFORE, Plaintiffs respectfully request that the Court:

i. Enter a judgment in the amount of unpaid minimum and overtime wages for all time worked by Plaintiffs in excess of forty (40) hours in individual work weeks;

ii. Award liquidated damages in an amount equal to the amount of unpaid minimum and overtime wages;

iii. Declare Defendant to be in violation of the FLSA;

iv. Enjoin Defendant from violating the FLSA;

v. Award reasonable attorneys' fees and costs; and

vi. Grant such additional or alternative re1ief as this Court deems just and proper.

## COUNT II
### FAILURE TO PAY MINUMUM WAGES AND OVERTIME PAY UNDER THE IMWL

49. Plaintiffs re-allege the allegations set forth in each of the paragraphs above.

50. Defendant meets the definition of "employer" as defined in the IMWL.

51. Defendant misclassified Plaintiffs as independent contractors rather than employees.

52. Under the IMWL, Plaintiffs are entitled to be paid minimum wages. In addition, Plaintiffs and the IMWL Class members are entitled to be paid at the overtime rate by Defendant for each hour worked in excess of 40 hours each workweek. The overtime rate is computed by multiplying 1.5 times the

worker's regular wage requirements for the hours worked for Defendant in excess of 40 hours in a workweek.

53. Defendant failed to compensate Plaintiffs the applicable minimum wage requirements pursuant to the IMWL.

54. Defendant failed to compensate Plaintiffs the appropriate overtime pay pursuant to the IMWL.

55. Defendant failed to maintain accurate time records detailing hours worked for Plaintiffs.

**WHEREFORE**, Plaintiffs respectfully request that this Honorable Court:

i. Enter a judgment in the amount of minimum and overtime wages due to Plaintiffs as provided by the IMWL;

ii. Award statutory damages for Plaintiffs pursuant to the formula set forth in 820 ILCS § 105/12(a) and 815 ILCS § 205/2;

iii. Declare that Defendant has violated the IMWL;

iv. Enjoin Defendant from violating the IMWL;

v. Award reasonable attorneys' fees and costs of this action as provided by the IMWL; and

vi. Grant such other and further relief as this Honorable Court deems just and proper.

## COUNT III
### ILLEGAL DEDUCTIONS AND FAILURE TO PAY IN VIOLATION OF THE ILLINOIS WAGE PAYMENT AND COLLECTION ACT

56. Plaintiffs re-allege the allegations set forth in each of the paragraphs above.

57. Under the IWPCA, "deductions by employers from wages ... are prohibited unless such deductions are (1) required by law; (2) to the benefit of the employee; (3) in response to a valid wage assignment or wage deduction order; (4) made with the express written consent of the employee, given freely at the time the deduction is made . . . " 820 ILCS 115/9.

58. Defendant deducted amount of damages to the vehicle, speeding tickets, and the purchase of metal toe boots from Plaintiffs' wages without the express written consent of Plaintiffs in violation of the IWPCA.

59. Under Section 3 of the IWPCA, every employer is required, at least semi-monthly, to pay every employee all wages earned during the semi-monthly pay period. 820 ILCS 115/3.

60. The term "wages" is defined for the purposes of the IWPCA as "any compensation owed an employee by an employer pursuant to an employment contract or agreement between the two parties, whether the amount is determined on a time, task, piece, or any other basis of calculation". 820 ILCS 115/2.

61. The term "final compensation" under the Act includes wages, salaries, earned commissions, earned bonuses, and the monetary equivalent of earned vacation and earned holidays, and any other compensation owed the separated employee by the employer pursuant to an employment contract or agreement between the two parties. 820 ILCS 115/2.

62. Final compensation must be paid to an employee on the date of separation, or no later than the next regularly scheduled payday. 820 ILCS 115/2.

63. Defendant has failed on numerous occasions over the course of Plaintiffs' employment to pay them all wages in violation of its agreement with Plaintiffs. Specifically, it failed to compensate the work Plaintiffs performed simply because the scanner had malfunctioned and did not track Plaintiffs' trips.

64. Defendant is an "employer" within the meaning of the IWPCA because it is a corporation doing business in Illinois with more than one employee, and makes wage payments to employees.

65. At all relevant times, Plaintiffs were "employees" of Defendant within the meaning of the IWPCA: they were individuals permitted to work by the employer in an occupation, and under the control and direction of Defendant over the performance of their work.

**WHEREFORE**, Plaintiffs respectfully request that this Honorable Court:

i. Order Defendant to make an accounting of all illegal deductions taken from Plaintiffs;

ii. Enter a judgment in the amount of earned wages and final compensation due to Plaintiffs as provided by the IWPCA;

iii. Award a judgment in the amount of all back wages for Plaintiffs resulting from Defendant's illegal deductions;

iv. Award statutory damages for Plaintiffs provided by the IWPCA including pre and post judgment interests;

v. Declare that Defendant has violated the IWPCA;

vi. Enjoin Defendant from violating the IWPCA;

vii. Award reasonable attorneys' fees and costs of this action as provided by the IMPCA; and

viii. Grant such other and further relief as this Honorable Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action.

>
> Respectfully Submitted,
>
> Plaintiffs
>
> By: /s/ Kevin F. O'Connor.
>     Attorney for Plaintiffs

Kevin F. O'Connor (ARDC# 6300449)
Heewon O'Connor (ARDC# 6306663)
Ryan O. Estes (ARDC # 6312755)
O'Connor | O'Connor, P.C.
110 E. Schiller St., Ste 312
Elmhurst, IL 60126
Tel. 630-903-6397
Fax. 630-658-0336
kevin@oconnor-oconnor.com
heewon@oconnor-oconnor.com
ryan@oconnor-oconnor.com